**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JERSEY SHORE HAIR INC., d/b/a
RAZBERRI'S,

        Plaintiff,

v.

THE HARTFORD INSURANCE COMPANY
OF THE MIDWEST *et al.*,

        Defendants.

Civil Action No. 20-14250 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Defendant The Hartford Insurance Company of the Midwest's ("Hartford") Motion for Judgment on the Pleadings. (ECF No. 16.) Plaintiff Jersey Shore Hair Inc., d/b/a Razberri's ("Jersey Shore") did not oppose. The Court has carefully considered Hartford's submission and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Hartford's Motion.

**I.    BACKGROUND**

    This case is another in the chorus of insurance disputes arising from the COVID-19 pandemic. Jersey Shore is a beauty parlor and hair styling salon in Toms River that is insured by Hartford. (Compl. ¶ 7, ECF No. 1.) Hartford insured Jersey Shore for business interruption losses, including "property, business personal property, business income and extra expense, ordinance or law coverage, civil authority coverage . . . and Limited Fungi & Bacteria or Virus Coverage" (the "Policy"). (*Id.* ¶ 19.) Excluded from coverage is any "loss or damage caused directly or indirectly

by" the "[p]resence, growth, proliferation, spread or any activity of 'fungi,' wet rot, dry rot, bacteria or virus." (the "Virus Exclusion") (*Id.* ¶ 53; Def's Mot., Ex. A ("Policy") *126, ECF No. 16-2.)[1]

During the Policy's coverage period, Governor Phil Murphy declared a state of emergency in New Jersey in response to the COVID-19 pandemic. (Compl. ¶ 8.) Shortly thereafter, Governor Murphy issued executive orders that mandated all non-essential businesses (like Jersey Shore) to close. (*Id.* ¶ 9.) Jersey Shore complied with the executive orders and closed its doors. (*Id.* ¶¶ 10-11.) It then submitted a claim for business interruption under the Policy, but Hartford denied the claim. (*Id.* ¶¶ 20-21.) Hartford contended that "since the coronavirus did not cause property damage at [the] place of business or in the immediate area, [the] business income loss is not covered." (*Id.* ¶ 21.) As a backup, Hartford proffered that "[e]ven if the virus did cause damage, it [was] excluded from the [P]olicy." (*Id.*)

Jersey Shore then filed this suit in state court, seeking a declaration that Hartford's Policy covers its business losses and damages for breach of contract and bad faith. (*Id.* ¶¶ 83-124.) Hartford removed (ECF No. 1) and filed the instant motion for judgment on the pleadings (ECF No. 16). Plaintiff did not oppose.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "The difference between Rules 12(b)(6) and 12(c) is purely procedural as 12(c) requests for dismissal are governed by the same standards as 12(b)(6) motions." *Glob. Naps, Inc. v. Bell Atl.-NJ., Inc.*, 287 F. Supp. 2d 532, 539 (D.N.J. 2003). "Like Rule 12(b)(6), Rule 12(c) requires

---

[1] Pin-cites preceded by asterisks indicate the pagination atop the CM/ECF header.

the Court [to] 'accept the allegations in the complaint as true[] and draw all reasonable factual inferences in favor of the plaintiff.'" *Syncsort Inc. v. Sequential Software, Inc.*, 50 F. Supp. 2d 318, 324 (D.N.J. 1999) (quoting *Turbe v. Gov't of the Virgin Is.*, 938 F.2d 427, 428 (3d Cir. 1991)). A court may grant a motion for judgment on the pleadings only if the movant "clearly establishes that no material issue of fact remains to be resolved and that [the movant] is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)).

### III.   DISCUSSION

Hartford argues that "[Jersey Shore's] claim should be dismissed because the Virus Exclusion in the Policy removes any possibility of coverage." (Def.'s Moving Br. 7, ECF No. 16-1.) The Court agrees.

Under New Jersey law, the determination of "the proper coverage of an insurance contract is a question of law."[2] *Buczek v. Cont'l Cas. Ins. Co.*, 378 F.3d 284, 288 (3d Cir. 2004) (citation omitted). New Jersey courts must first look to the plain language to "discern the meaning of a provision in an insurance contract." *Chubb Custom Ins. Co. v. Prudential Ins. Co. of Am.*, 948 A.2d 1285, 1289 (N.J. 2008) (citation omitted). "If the language is clear, that is the end of the inquiry." *Id.* But, if the language of the policy presents an ambiguity, the Court should "not engage in a strained construction to support the imposition of liability or write a better policy for the insured than the one purchased." *Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of*

---

[2] New Jersey law applies because the Policy insures property in New Jersey. (Policy *4); *Oie v. Travelers Indem. Co.*, No. 07-5447, 2008 WL 4067308, at *3 (D.N.J. Aug. 26, 2008) (holding that when construing contracts of insurance, "the law of the place where the contract is to be performed is the law which governs as to its validity and interpretation." (quoting *London Assurance v. Companhia De Moagens Do Barreiro*, 167 U.S. 149, 160 (1897))).

*Pittsburgh*, 129 A.3d 1069, 1075 (N.J. 2016) (internal quotation marks omitted) (quoting *Chubb Custom Ins. Co.*, 948 A.2d at 1289).

To be clear, courts should narrowly construe insurance policy exclusions and "the burden is on the insurer to bring the case within the exclusion." *Princeton Ins. Co. v. Chunmuang*, 698 A.2d 9, 16-17 (N.J. 1997) (citation omitted). Nevertheless, exclusions "are presumptively valid and will be given effect if 'specific, plain, clear, prominent, and not contrary to public policy.'" *Id.* at 17 (quoting *Doto v. Russo*, 659 A.2d 1371, 1378 (N.J. 1995)).

Here, the Policy's Virus Exclusion provides that the policy "will not pay for loss or damage caused directly or indirectly by . . . [p]resence, growth, proliferation, spread or any activity of . . . virus." (Policy *126.) Jersey Shore does not oppose this argument.[3] In any event, the Court concludes that it must dismiss Jersey Shore's Complaint on the merits. Since the outbreak of the pandemic, this Court and "a significant number of [other] courts have analyzed virus exclusion clauses that were identical or highly similar to the one at issue here and consistently reached the same conclusion: the Virus Exclusion unambiguously bars coverage." *Salon Dare, Inc. v. Sentinel Ins. Co.*, No. 20-9616, 2021 WL 3472648, at *2 (D.N.J. Aug. 6, 2021) (alteration in original) (internal quotation marks omitted) (collecting cases). In fact, several courts have analyzed *virtually the same policy* at issue here and have concluded that the Virus Exclusion clause bars coverage. *See ABC Children's Dentistry, LLC v. Hartford Ins. Co.*, No. 20-10044, 2021 WL 4272767, at *4-7 (D.N.J. Sept. 21, 2021); *Cedar Run Orthodontics, P.A. v. Sentinel Ins. Co.*, No. 20-8156, 2021 WL 5083814, at *3-4 (D.N.J. Nov. 1, 2021). This Court sees "no reason to deviate from this growing line of recent opinions." *Quakerbridge Early Learning LLC v. Selective Ins. Co. of New*

---

[3] "When a defendant's Rule 12(b)(6) motion is uncontested, the Court may grant the unopposed motion after analyzing it on the merits." *Dusky v. BMW of N. Am., LLC*, No. 21-4981, 2021 WL 2310079, at *2 (D.N.J. June 7, 2021) (citing *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Wiggins v. MacManiman*, 698 F. App'x 42, 43 (3d Cir. 2017)).

*Eng.*, No. 20-7798, 2021 WL 1214758, at *4 (D.N.J. Mar. 31, 2021); *see also, e.g., Arrow Health & Racquet Club, LLC v. Twin City Fire Ins. Co.*, No. 20-8968, 2021 WL 2525739 (D.N.J. June 21, 2021); *Downs Ford, Inc. v. Zurich Am. Ins. Co.*, No. 20-8595, 2021 WL 1138141 (D.N.J. Mar. 25, 2021); *Colby Rest. Grp., Inc. v. Utica Nat'l Ins. Grp.*, No. 20-5927, 2021 WL 1137994 (D.N.J. Mar. 12, 2021).

### IV.   CONCLUSION

The Court grants Hartford's Motion for Judgment on the Pleadings. It will issue an Order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE